UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DAVID J. PITTS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:14-cv-00139-JMS-WGH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Entry Concerning Selected Matters**

Petitioner David J. Pitts seeks leave to conduct discovery and expand the record, requests the appointment of counsel and an evidentiary hearing, and asks for additional time to file his reply in support of his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

**Discovery**

A habeas petitioner is not entitled to discovery as a matter of course and thus the liberal discovery rules of the Federal Rules of Civil Procedure do not apply. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing Section 2255 Proceedings in the United States District Court states that a judge may, for good cause, authorize a party to conduct discovery. In order for discovery to be granted in a habeas case, the petitioner must identify the essential elements of the constitutional claim, and show good cause. *Bracy*, 520 U.S. at 904, 908. Good cause is demonstrated "[w]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief. . . ." *Id*. (quoting *Harris v. Nelson*, 394 U.S. 286, 299 (1969)). A habeas petitioner cannot use discovery for "fishing expeditions to investigate mere speculation." *Calderon v. U.S. Dist. Ct.*

*for N. Dist. of Ca.*, 98 F.3d 1102, 1106 (9th Cir. 1996). "Conclusory allegations are not enough to warrant discovery under Rule 6." *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

Pitts states that he needs the following documents:

1. Transcripts of the jury trial held February 23, 2011 through March 15, 2011.
2. Transcripts of his Sentencing held September 15, 2011.
3. Copies of all verdict forms.
4. Copies of the Notice of Prior Convictions, 21 U.S.C. § 851.
5. Copies of all documentation presented and reviewed by the Court in determining Career Offender sentencing.

He states that these records are necessary to the fair resolution of this action and that he lacks the funds to pay for the copies he requests. Specifically, he states that he needs these materials to prepare his reply.

There is no apparent connection between Pitt's document requests and the issues he raises in his motion for relief pursuant to 28 U.S.C. § 2255. Specifically, there is no indication how the documents listed above could support Pitt's claims of ineffective assistance of counsel and there is no basis to conclude that the transcripts are needed to decide any issue presented in the motion brought pursuant to § 2255. Under these circumstances, Pitts' request for nearly every record associated with the criminal case is nothing more than a fishing expedition. Of course, if Pitts would like to purchase a copy of a transcript or other records he may do so for a fee of 50 cents per page. In addition, what was said at trial and sentencing is not a secret—Pitts and his counsel were present.

Pitts has not shown that any of the requested copies contain information necessary to his claims. Thus, he has not demonstrated good cause and his motion for leave to conduct discovery [dkt. 14] must be **denied.**

**Motion for Counsel and Evidentiary Hearing**

Pitts requests that this action be set for an evidentiary hearing and seeks the appointment of counsel. Pitts argues that counsel is needed because of his lack of knowledge of the law and so that counsel may obtain documents, investigate and conduct interviews to develop facts in support of his grounds for relief. For the reasons explained below, these requests [dkt. 13] are **denied.**

**1.    Request for Counsel**

Unlike a criminal defendant, an indigent civil litigant does not have a right to counsel at public expense. *See Resendez v. Knight,* 653 F.3d 445, 446 (7th Cir. 2011) ("It is . . . well established that a criminal defendant enjoys [a] right to counsel through his first appeal . . . but that, once the direct appeal has been decided, the right to counsel no longer applies."); *Jackson v. County of McLean,* 953 F.2d 1070, 1073 (7th Cir. 1992) (indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court). Whether to appoint counsel is purely a discretionary matter. *See* 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28."). A decision evidences an abuse of discretion in declining to appoint counsel only "if, given the difficulty of the case and the litigant's ability, [the petitioner] could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have had a reasonable chance of winning with a lawyer at his side." *see also Winsett v. Washington,* 130 F.3d 269, 281 (7th Cir. 1997).

Pitt's § 2255 motion has already been prepared and filed. It presents Pitt's claims using the terminology and principles associated with the relief he seeks. The motion presents Pitt's claims in a logical fashion which shows his familiarity with both the circumstances of his own prosecution

and conviction and the legal principle on which his request for relief is based. Apart from this, the petitioner has the means (writing materials, etc.) to present his claims in this action and is literate and seems fully aware of the proceedings involving his conviction and sentence.

The pivotal factor in considering the motion for appointment of counsel here is the fact that there is nothing in Pitt's challenge that is likely to turn on substantial and complex procedural, legal or mixed legal and factual questions. There are no extraordinary circumstances in this case and the circumstances noted above do not show that it is in the interest of justice to appoint counsel for the petitioner. The motion for the appointment of counsel is **denied.**

### 2. Evidentiary Hearing

"A § 2255 petitioner is entitled to an evidentiary hearing on his claim where he alleges facts that, if true, would entitle him to relief."" *Lafuente v. United States*, 617 F.3d 944, 946 (7th Cir. 2010) (citing *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009); *Hall v. United States*, 371 F.3d 969, 972 (7th Cir. 2004)). On the other hand, a hearing "is not required when 'the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Id.* (quoting 28 U.S.C. § 2255(b)). At present, Pitts has not alleged any facts which, if true, entitle him to relief. Therefore, his request for an evidentiary hearing is **denied.**

If in ruling on the merits of the petitioner's motion, it appears that an evidentiary hearing is necessary the Court will sua sponte reconsider this ruling.

### Motion for Extension of Time

Pitts seeks 180 days to prepare his reply to the United States' response in opposition to Pitt's § 2255 motion. The United States' response was filed on August 6, 2014. One hundred and eighty days from the date the United States' response was filed was February 2, 2015. Pitts' motion for time was filed after this time had passed on March 26, 2015. To grant him 180 days from the

date his motion was filed on March 26, 2015, would result in a deadline of September 22, 2015, which is more than a year after the United States filed his response.

Given the rulings set forth above good cause to extend the deadline to file a reply brief has not been shown.  The motion for a 180 day extension of time [dkt. 12] is **denied.** The petitioner shall have **through August 7, 2015,** in which to file any reply in support of his § 2255 motion.

## Conclusion

Consistent with the foregoing, the following rulings were made:

The motion for discovery [dkt. 14] is **denied.**

The motion to appoint counsel [dkt 13] is **denied.**

The motion for an evidentiary hearing [dkt. 13] is **denied.**

The motion for a 180 day extension of time [dkt. 12] is **denied.**

The petitioner shall have **through August 7, 2015,** in which to file any reply in support of his § 2255 motion.

**IT IS SO ORDERED.**

Date:     07/07/2015

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

DAVID J. PITTS
09485-028
MCDOWELL - FCI
MCDOWELL FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1009
WELCH, WV 24801

All Electronically Registered Counsel