UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DAVID J. PITTS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:14-cv-00139-JMS-MJD |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Entry Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of David J. Pitts ("Pitts") for relief pursuant to 28 U.S.C. § 2255 must be denied and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. Background**

On June 15, 2010, Pitts was charged in multi-defendant Superseding Indictment that was filed in the Southern District of Indiana. See case number 2:10-cr-7-JMS-CMM-4. Pitts was charged in Count One with conspiracy to distribute 500 grams or more of a mixture containing a detectable amount of methamphetamine and conspiracy to distribute100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

On October 25, 2010, Pitts was charged in an Information alleging that he had one prior drug felony, in violation of 21 U.S.C. § 851(a)(1).

On March 15, 2011, a jury found Pitts guilty of Count One of the Superseding Indictment. Pitts was convicted under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and 851.

On September 9, 2011, the Court held a sentencing hearing. Because his criminal history included sufficient relevant felony convictions, he was deemed a "career offender" and thus subject to the sentencing enhancements of U.S.S.G. § 4B1.1.

Pitts was sentenced to 420 months in prison, to be followed by ten years of supervised release. Pitts was also assessed the mandatory assessment of $100. The judgment of conviction was entered on September 15, 2011.

Pitts filed a notice of appeal on September 15, 2011. On December 3, 2012, the Seventh Circuit affirmed Pitts' conviction and sentence. *See United States v. Moreland*, 703 F.3d 976 (7th Cir. 2012). On May 13, 2013, Pitts' Petition for writ of certiorari to the United States Court of Appeal for the Seventh Circuit was denied.

On May 12, 2014, Pitts filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255.

## II. Discussion

The Court must grant a § 2255 motion when a petitioner's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. U.S.*, 83 F.3d 812, 816 (7th Cir. 1996). Relief under § 2255 is available only if an error is "constitutional, jurisdictional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997) (quotations omitted). It is appropriate to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Pitts raises the following grounds for relief in his motion:

> 1. "Ineffective assistance of counsel at trial. Attorney failed to conduct an adequate fact investigation. Attorney failed to challenge admission of jail house calls

intercepted without a warrant. Counsel failed to move for severance. Counsel failed to assert buy-seller defense. Counsel failed to argue that the total drug amounts were not reasonably foreseeable to Pitts." Dkt. 1 at p. 4.

2. "The sentencing enhancements for prior convictions/criminal history and career offender violate 6th Amendment and *Alleyne v. United States*. Pitts' sentence was enhanced based on career offender status that was not alleged in the Indictment and not found beyond a reasonable doubt by a jury. This, [Pitts' argues,] violates *DePierre v. United States*, 131 S.Ct. 2225, 2237 (2011) and *Alleyne v. United States*, 133 S.Ct. 2151 (2013)." Dkt. 1 at p. 5.

**A. Effective Assistance of Counsel**

First, Pitts' claims that he is entitled to relief under § 2255 because his counsel failed to provide effective assistance as guaranteed by the Sixth Amendment. The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. Amend. VI. This right to assistance of counsel encompasses the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009).

A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). *See also Stitts v. Wilson,* 713 F.3d 887, 891 (7th Cir. 2013) (petitioner has burden of demonstrating both deficient performance and prejudice). To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.*

For the reasons explained below, each of Pitt's five underdeveloped specifications of ineffective assistance of counsel is without merit and his motion for relief must be **denied.**

### 1. Failure to Investigate

Pitts first claims that his counsel failed to adequately investigate his case before trial. While counsel has an obligation to reasonably investigate the facts and circumstances surrounding his client's case, *see Bruce v. United States*, 256 F.3d 592, 597-98 (7th Cir. 2001), to establish prejudice from such a failure the defendant must make "a comprehensive showing of what the investigation would have produced." *Granada v. United States*, 51 F.3d 82, 85 (7th Cir. 1995) (*quoting United States v. Blazano*, 916 F.2d 1273, 1296 (7th Cir. 1990)). As presented, Pitts' allegations lack the necessary specificity. The mere allegation that a lawyer failed to conduct an adequate investigation, without particulars as to what was not done that should have been, is insufficient to warrant post-conviction relief. *See United States v. Kamel*, 965 F.2d 484, 499 (7th Cir. 1992).

Although Pitts argues that his counsel failed him in every conceivable way he has not demonstrated how or in what respect his attorney's investigation of his case was inadequate, or demonstrated what evidence could have been presented (but was not) that would likely have changed the outcome of his trial. Pitts has demonstrated neither deficient performance nor any prejudice with respect to this claim and no relief is warranted on this basis.

### 2. Intercepted Calls

Next, Pitts claims that his counsel failed to challenge the admissibility of phone calls made from jail that were recorded (without a warrant) and later admitted into evidence. But, Pitts has not provided any legal basis upon which to conclude that it was improper for recorded jail calls to be used as evidence against him. *See e.g., United States v. Hill,* 635 F. App'x 536, 542 (10th Cir. 2015) ("The government also relied on several recorded jail calls between Hill and his girlfriend directing her to collect and hide drug proceeds, remove evidence, and conceal assets and cash."); *United States v. Gadson*, 763 F.3d 1189, 1211 (9th Cir. 2014) (discussing admissibility of prison phone calls into evidence); *United States v. Jones*, 716 F.3d 851, 856 (4th Cir. 2013) (same).

Because the use of the recorded telephone calls have not been shown to be improper, Pitts has not demonstrated that his attorney was deficient in failing to object to the admissibility of this evidence and no relief is warranted on this basis.

### 3. Severance

Pitts' third specification of ineffective assistance of counsel is that his attorney failed to move to sever his case from that of his co-defendants. The Seventh Circuit has repeatedly stated that "joint trials are beneficial not only for efficiency but because they limit inconvenience to witnesses, avoid delays in bringing defendants to trial, and allow the 'total story' to be presented to a single jury." *United States v. Warner,* 498 F.3d 666, 699 (7th Cir. 2007). The presumption is that co-defendants indicted together should be tried together. *United States v. Lopez*, 6 F.3d 1281, 1285 (7th Cir. 1993); *see also United States v. Ramirez*, 45 F.3d 1096, 1100 (7th Cir. 1996). "The presumption in favor of joint trials is especially strong when the defendants are charged with conspiracy." *United States v. Chrismon*, 965 F.2d 1465, 1476 (7th Cir. 1992).

Pitts has demonstrated no basis for severing his case from that of his co-defendants. Pitts has not shown that the joinder created actual prejudice that deprived him of a fair trial. *United States v. Rollins*, 301 F.3d 511, 519 (7th Cir. 2002). His counsel cannot be faulted for failing to make a motion that has no merit nor any likelihood of success. *See United States v. Gilmore*, 80 F.3d 1205, 1212 (7th Cir. 1996) ("failure to raise such a meritless claim could not possibly constitute ineffective assistance of counsel"). Accordingly, Pitts is not entitled to relief on this basis.

### 4. Buyer-Seller Defense

Next, Pitts asserts that his trial counsel was ineffective for not presenting a "buyer-seller" defense. The United States argues that Pitts has not demonstrated that a foundation in the evidence would make a buyer-seller defense appropriate.

With respect to trial strategy, an attorney's trial strategy is "virtually unchallengeable" after counsel has conducted a thorough investigation of his client's case. *Sullivan v. Fairman*, 819 F.3d 1382, 1391 (7th Cir. 1987) (*quoting Strickland*, 466 U.S. at 690-91). Pitts has demonstrated no ineffectiveness or inadequacy in his counsel's trial strategy. Pitts was convicted by a jury because the evidence at trial proved his guilt. Pitts has not provided any plausible basis to conclude that a buyer-seller a defense was even feasible.

### 5. Foreseeable Drug Amount

Finally, Pitts claims that his counsel failed to argue the total drug amount that was foreseeable to Pitts. The United States argues that Pitts has demonstrated no error in the Court's determination of the amount of drugs attributed to the conspiracy or any basis upon which a challenge to the amount of drugs attributed to him could have been premised.

"For sentencing purposes, a criminal defendant convicted of a drug trafficking

conspiracy is liable for the reasonably foreseeable quantity of drugs sold by his or her co-conspirators." *United States v. Seymour*, 519 F.3d 700, 710 (7th Cir. 2008). Pitts received a sentence of 420 months imprisonment. Pitts' sentencing guideline range was 20 years to life. Pitts has demonstrated neither error in the amount of drugs attributed to him nor error in the calculation of his sentence nor any prejudice therefrom. Pitts' undeveloped specification of ineffectiveness as to this point is without merit. *See, e.g., Hough v. Anderson*, 272 F.3d 878, 898 n.8 (7th Cir. 2001)("It is not deficient performance to fail to raise an argument with no real chance of success.").

### B. Sentencing

#### 1. *Alleyne v. United States*

Pitts' final argument is that his sentence was improperly enhanced based on his prior convictions and that his sentence conflicts with the holding of *Alleyne v. United States*, 133 S. Ct. 2151 (2013). In response the United States argues that *Alleyne* has no applicability in Pitts' case, but even if that were not the case, the decision in *Alleyne* does not apply retroactively to cases on collateral review. *See Simpson v. United States*, 721 F. 3d 875 (7th Cir. 2013).

The United States is correct. Pitts cannot rely on *Alleyne* for relief because the Seventh Circuit has specifically held that *Alleyne* does not apply retroactively to cases on collateral review. *Simpson v. United States,* 721 F.3d 875 (7th Cir. 2013) (discussing *Alleyne* in context of habeas proceedings).

#### 2. *Johnson and Career Offender Enhancement*

During the course of this action, Pitts was permitted to file a supplemental memorandum in which he argues that he is entitled to relief under *Johnson v. United States,* 135 S.Ct. 2552 (2015). In *Johnson*, the Supreme Court ruled that the residual clause of the Armed Career Criminal

Act ("ACCA") is unconstitutionally vague. Pitts challenges the use of the residual clause in the Federal Sentencing Guidelines, see U.S.S.G. § 4B1.2, not the residual clause in ACCA. "Like the ACCA's residual clause, the career offender guideline under which [Pitts] was sentenced provides in its residual clause that a qualifying offense includes an offense that 'otherwise involves conduct that presents a serious potential risk of physical injury to another.'" *United States v. Olivo*, No. 14-1140, 2016 WL 7107927, at *1 (7th Cir. Nov. 29, 2016) (discussing U.S.S.G. § 4B1.1(a)(2) (2013)). In *United States v. Hurlburt*, 835 F.3d 715, 725 (7th Cir. 2016) (en banc), the Seventh Circuit ruled that *Johnson's* holding that the ACCA's residual clause is unconstitutionally vague applies to the parallel residual clause in U.S.S.G. § 4B1.2(a)(1) and that it too is unconstitutionally vague. *See United States v. Olivo*, No. 14-1140, 2016 WL 7107927, at *1 (7th Cir. Nov. 29, 2016).

Pitts argues that because his criminal history included sufficient relevant felony convictions, he was deemed a "career offender" and thus subject to the sentencing enhancements of U.S.S.G. § 4B1.1. In his supplemental motion, Pitts claims that he is no longer a "career offender" as a result of the retroactive application of *Johnson*. Pitts argues that he was found to be a career offender based on "simple assault and Indiana convictions for Second Degree Burglary." Pitts asks the Court to apply the "residual clause" language such that the predicate convictions used in his 4B1.1 enhancement would not qualify.

But Pitts is mistaken. The United States correctly argues that Pitts' claim cannot succeed because at least three of his predicate felonies remain viable as to his career offender status regardless of the application of *Johnson*. In other words, at least three of his predicate felonies were not residual clause offenses. Pitts presentence investigation report lists two burglaries, (PSR ¶¶ 52, 54), and one qualifying drug offense, (PSR ¶ 60), which together suffice to meet the

guidelines' threshold. Pitt's does not dispute this observation.[1] Accordingly, no relief is warranted on this basis.

### III. Conclusion

Pitts' conviction and sentence are supported by overwhelming evidence of his guilt. The Seventh Circuit noted in *United States v. Farr,* 297 F.3d 651, 657-58 (7th Cir. 2002):

> We have observed in the past that criminal defendants frequently "demonize" their lawyers. "If we are to believe the briefs filed by appellate lawyers, the only reasons defendants are convicted is the bumbling of their predecessors. But lawyers are not miracle workers. Most convictions follow ineluctably from the defendants' illegal deeds." *Burris v. Farley*, 51 F.3d 655, 662 (7th Cir. 1995).

For the reasons explained in this Entry, Pitts has failed to show that he is entitled to the relief he seeks and his motion for relief pursuant to 28 U.S.C. § 2255 must be **denied.** Judgment consistent with this Entry shall now issue.

This Entry shall also be entered on the docket in the underlying criminal action, 2:10-cr-7-JMS-CMM-4.

### IV. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Pitts has failed to show that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore denies a certificate of appealability.

**IT IS SO ORDERED.**

Date:  December 20, 2016

*[signature: Jane Magnus-Stinson]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

---

[1] The Court notes that counsel was appointed to assist Pitts with this argument, but withdrew after consideration of the record.

Distribution:

All Electronically Registered Counsel

DAVID J. PITTS
09485-028
MCDOWELL - FCI
MCDOWELL FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1009
WELCH, WV 24801